IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JEREMY RASKIEWICZ, | ) | Cause No. CV 10-63-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On June 2, 2010, Petitioner Jeremy Raskiewicz submitted one document titled "Petition and Brief," two documents titled "Brief and Petition," and a letter to the Clerk of Court.

Raskiewicz did not file a motion to proceed in forma pauperis or pay the filing fee of $5.00 per habeas action. He also failed to name a correct Respondent. There is no need to delay resolution of this case on those grounds.

Raskiewicz is serving a sentence at the Montana State Prison because he was convicted of assault with a weapon in 2005. He has filed six actions in this Court since June 2, 2008, including a habeas action challenging his conviction. Raskiewicz

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

v. Mahoney, No. CV 08-160-M-DWM-JCL (D. Mont. filed Nov. 14, 2008). That petition was dismissed as procedurally defaulted without excuse on December 10, 2008. Raskiewicz did not appeal.

In the instant petition, Raskiewicz claims he is "immune" from prosecution because he "has a cataloguing" in the Central Intelligence Agency. Pet. at 1. The "Petition and Brief" seeks "release . . . from detainment permanently, immediately." Pet. (doc. 1) at 1.

This claim was not raised in his first habeas action. Immunity is a defense that must be raised and factually supported in the same manner as any other complete defense. United States ex rel. Drury v. Lewis, 200 U.S. 1, 8 (1906); In re Neagle, 135 U.S. 1, 75 (1890); Clifton v. Cox, 549 F.2d 722, 729-30 (9th Cir. 1977).

The instant petition is an unauthorized second or successive petition. This Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam).

There is no reason to believe Raskiewicz could meet the stringent standards of 28 U.S.C. § 2244(b)(2)(A). There also is no reason to believe he could overcome procedural default; his first petition was defaulted, and he did not appeal. Therefore, transfer is not in the interest of justice. 28 U.S.C. § 1631. Dismissal is appropriate.

The two documents titled "Brief and Petition" do not seek habeas relief or, in

fact, any relief that is available from a federal court. No action should be taken on them. Finally, the Court does not act on letters directed to the Clerk of Court.

A certificate of appealability should be denied. Raskiewicz does not claim he was deprived of a constitutional right. 28 U.S.C. § 2253(c). Additionally, there is no reason to credit Raskiewicz's assertion of his affiliation with the Central Intelligence Agency and, regardless, no doubt about the correctness of the procedural ruling. Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED for lack of jurisdiction as an unauthorized second or successive petition.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED. The Clerk of Court should be directed to process the appeal if Raskiewicz files a notice of appeal.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written

objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Raskiewicz must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 3rd day of June, 2010.

     /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge